J-S36026-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JASON ANTHONY MILLER | : | |
| | : | |
| Appellant | : | No. 307 WDA 2022 |

Appeal from the Judgment of Sentence Entered November 17, 2021
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0002473-2020

BEFORE: STABILE, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY KING, J.: **FILED: December 2, 2022**

Appellant, Jason Anthony Miller, appeals *nunc pro tunc* from the judgment of sentence entered in the Erie County Court of Common Pleas, following his negotiated guilty plea to assault by prisoner.[1] We affirm and grant counsel's application to withdraw.

The relevant facts and procedural history of this case are as follows. Appellant was an inmate at Erie County Prison. On September 9, 2020, Appellant and his co-defendants punched and kicked another inmate in the face. This incident caused the victim to suffer multiple broken bones.

On November 16, 2020, the Commonwealth filed a criminal information

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 2703(a).

charging Appellant with aggravated assault, assault by prisoner, simple assault, and recklessly endangering another person. On August 9, 2021, Appellant entered a negotiated guilty plea to one count of assault by prisoner. In exchange, the Commonwealth agreed to the dismissal of the remaining charges. Additionally, as part of the plea bargain, the Commonwealth agreed to recommend a sentence of four (4) to eight (8) years' imprisonment. (*See* N.T. Plea Hearing, 8/9/21, at 5). On November 17, 2021, the court sentenced Appellant to forty-two (42) to eighty-four (84) months' imprisonment, which was less than the sentence recommended by the Commonwealth.[2]

On November 22, 2021, Appellant sent a letter to the trial court requesting that his attorney file a post-sentence motion. The court docketed the letter and treated it as a *pro se* post-sentence motion. On November 30, 2021, the court denied Appellant's *pro se* post-sentence motion. That same day, the court permitted plea counsel to withdraw.

On December 15, 2021, Appellant filed a *pro se* motion for appointment of new counsel. The court granted Appellant's motion and appointed counsel from the public defender's office on December 28, 2021. On January 3, 2022, new counsel entered her appearance and filed a motion to reinstate Appellant's direct appeal rights *nunc pro tunc*. The court reinstated

---

[2] The offense of assault by prisoner was graded as a second-degree felony. (*See* Criminal Information, filed 11/16/20, at 1). For a second-degree felony, the court may impose a maximum sentence of not more than ten (10) years' imprisonment. *See* 18 Pa.C.S.A. § 1103(2).

Appellant's appellate rights on February 14, 2022.

Appellant timely filed a notice of appeal *nunc pro tunc* on March 16, 2022. On March 21, 2022, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Following an extension, counsel filed a Rule 1925(c)(4) statement of intent to file an **Anders**[3] brief. Thereafter, counsel filed an application to withdraw and an **Anders** brief with this Court.

Preliminarily, counsel seeks to withdraw representation pursuant to **Anders** and **Commonwealth v. Santiago**, 602 Pa. 159, 978 A.2d 349 (2009). **Anders** and **Santiago** require counsel to: (1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; (2) file a brief referring to anything in the record that might arguably support the appeal; and (3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points the appellant deems worthy of review. **Santiago, supra** at 173-79, 978 A.2d at 358-61. "Substantial compliance with these requirements is sufficient." **Commonwealth v. Reid**, 117 A.3d 777, 781 (Pa.Super. 2015). After establishing that counsel has met the antecedent requirements to withdraw, this Court makes an independent review of the record to confirm

---

[3] **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

that the appeal is wholly frivolous. **Commonwealth v. Palm**, 903 A.2d 1244, 1246 (Pa.Super. 2006). **See also Commonwealth v. Dempster**, 187 A.3d 266 (Pa.Super. 2018) (*en banc*).

In **Santiago, supra**, our Supreme Court addressed the briefing requirements where court-appointed appellate counsel seeks to withdraw representation:

> Neither **Anders** nor [**Commonwealth v. McClendon**, 495 Pa. 467, 434 A.2d 1185 (1981)] requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. To repeat, what the brief must provide under **Anders** are references to anything in the record that might arguably support the appeal.
>
> *       *       *
>
> Under **Anders**, the right to counsel is vindicated by counsel's examination and assessment of the record and counsel's reference to anything in the record that arguably supports the appeal.

**Santiago, supra** at 176, 177, 978 A.2d at 359, 360. Thus, the Court held:

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Id.** at 178-79, 978 A.2d at 361.

Instantly, Appellant's counsel filed an application to withdraw. The

application states that counsel conducted a conscientious examination of the record and determined that the appeal is frivolous. Counsel also supplied Appellant with a copy of the *Anders* brief and a letter explaining Appellant's right to retain new counsel or to proceed *pro se* to raise any additional points Appellant deems worthy of this Court's attention.

In the *Anders* brief, counsel provided a statement of facts and procedural history of the case. The argument section of the brief refers to relevant case law concerning Appellant's issue, and it provides citations to facts from the record. Counsel also provides the reasons for her conclusion that the appeal is wholly frivolous. Therefore, counsel has substantially complied with the technical requirements of *Anders* and *Santiago*.

Appellant has not responded to the *Anders* brief *pro se* or with newly retained private counsel. Counsel raises the following issue on Appellant's behalf:

> Did the trial court commit an abuse of discretion by imposing a manifestly excessive sentence on Appellant's conviction for assault by prisoner?

(*Anders* Brief at 7).

On appeal, Appellant argues that "the trial court fashioned a manifestly excessive sentence for the crime of assault by prisoner, given the guideline ranges for the offense." (*Id.* at 15). We conclude, however, that Appellant is not entitled to relief on this claim.

"Settled Pennsylvania law makes clear that by entering a guilty plea,

the defendant waives his right to challenge on direct appeal all non-jurisdictional defects except the legality of the sentence and the validity of the plea." ***Commonwealth v. Lincoln***, 72 A.3d 606, 609 (Pa.Super. 2013). "Where the plea agreement contains a negotiated sentence which is accepted and imposed by the sentencing court, there is no authority to permit a challenge to the discretionary aspects of that sentence." ***Commonwealth v. Reichle***, 589 A.2d 1140, 1141 (Pa.Super. 1991). Moreover, "[a]n issue that is waived is frivolous." ***Commonwealth v. Tukhi***, 149 A.3d 881, 888 (Pa.Super. 2016).

Instantly, Appellant's entry of the negotiated guilty plea resulted in the waiver of his claim regarding the discretionary aspects of his sentence. ***See Reichle, supra***. Because the claim is waived, we agree with counsel's determination that Appellant's lone issue on appeal is wholly frivolous. ***See Tukhi, supra***. Further, our independent review of the record does not reveal any additional, non-frivolous issues preserved on appeal. ***See Palm, supra***; ***Dempster, supra***. Accordingly, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw is granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/2/2022